HENRY WINEMAN v. HAMLIN J. WALTERS AND GEORGE H. MARTIN.

*Estoppel—Sale on credit—Time for bringing suit.*

One cannot claim the benefits of an agreement while he rejects the obligations which constitute the consideration for granting them. And where a sale of hotel furniture that was partly on credit was part of an arrangement which bound the purchaser to rent the hotel, and he failed to perform the agreement to pay rent and abandoned the

premises, it was *held* that he could not object that the credit allowed him on the furniture protected him from immediate suit for the unpaid purchase price.

Error to the Superior Court of Detroit. (Chipman, J.) April 9.—April 23.

Assumpsit. Defendants bring error. Affirmed.

*Charles Kudner* for appellants.

*Griffin & Warner* for appellee.

Campbell, J. Wineman sued defendants under the common counts for use and occupation of a hotel, and for the unpaid price of furniture. The defense, so far as the furniture is concerned, was that the suit was premature. The rent was due beyond any question.

On the 6th of January, 1881, plaintiff and defendants entered into a written preliminary arrangement, which, by its terms, was to end on January 20, 1881, at noon, for the lease of the hotel and the purchase of the furniture. This paper provided that the parties would enter into a five years' lease, at $200 a month in advance for two years, and $225 a month in advance for three years. Certain preliminary outlays were to be made for repairs, cleaning, and other matters, and the tenants were to buy the hotel furniture for $1800, of which $900 was to be paid down, and the balance in six and twelve months, with interest.

The tenants were let into possession, and opened the house about the first of February. They paid plaintiff $900 on the furniture, and $200 for the February rent. They made no further payments. The proposed lease was never signed, although one was drawn up. On the 18th of May defendants left the house, and this suit was at once commenced by attachment.

Plaintiff, who was the only witness sworn as to value, fixed the value of the furniture at $2100, and the rental value at $250 a month. The court below confined his right of recovery to the prices named in the preliminary agree-

ment. This leaves, as the only material question, the inquiry whether the price of the furniture could be sued for so early.

The case is anomalous, and presents some apparent difficulties. But we think the decision was proper. The written agreement was, by its terms, to expire on January 20. The payment for half the price of the furniture was made subsequently, and cannot be said to have been made to fulfill its conditions. The whole arrangement for selling the furniture and leasing the hotel was intended to go together, and to be fixed definitely by a future lease. No security was provided for in this agreement beyond the advance payment of the rent, and it is certainly possible that some security would be desired. But it is not probable that plaintiff would have consented to sell his hotel furniture on such terms as would allow the purchaser to dismantle the hotel and make it untenantable until newly furnished again. It must be assumed that the price and terms were fixed with reference to securing a permanent tenancy.

If this is so, then when the defendants not only failed to make a new lease, but also failed to pay rent during their occupancy, and then undertook to vacate the premises, it would be improper to allow them the benefit of a contract which they had repudiated in its most important particulars. We think they must be held at once liable for the value of the property which they had thus appropriated, and that they could not claim it was sold on credit when the arrangement on which that credit depended was no longer in force, and was kept out of efficacy by their own misconduct. They cannot claim the benefit and reject the obligation which was the consideration for granting it.

The judgment must be affirmed.

The other Justices concurred.