(86 Misc. Rep. 49)

## O'BEIRNE v. GREENBERG.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

1. SALES (§ 350*)—CREDIT—ACTION FOR PRICE.
    Where a buyer was only entitled to credit on executing notes and a chattel mortgage, he having failed to execute either, plaintiff was entitled to sue at once for the value of the goods.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 988–992; Dec. Dig. § 350.*]

2. SALES (§ 359*)—VALUE OF GOODS—AGREED PRICE—PRIMA.FACIE EVIDENCE.
    Proof of the agreed price of certain goods is prima facie evidence of their value.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059; Dec. Dig. § 359.*]

Appeal from City Court of New York, Special Term.

Action by Owen O'Beirne against Harry Greenberg.   From an order of the City Court, setting aside a verdict of the jury in favor of plaintiff, and dismissing the complaint on reservation of a motion to that effect made during the trial, plaintiff appeals.   Reversed, and verdict reinstated.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Wilber, Norman & Kahn, of New York City (Louis L. Kahn, of New York City, of counsel), for appellant.

Joseph A. Whitehorn, of Brooklyn (Henry Kuntz and Abraham P. Wilkes, both of New York City, of counsel), for respondent.

BIJUR, J.   This action was brought for the purchase price of goods sold and delivered by plaintiff to defendant.   The only question litigated was as to the terms of sale.   Plaintiff claims that defendant was to pay a certain sum in cash down, which it was admitted he did, to give a chattel mortgage to plaintiff on the goods, and to give notes for payment of the balance over a period of some 14 months.   The promise as to the giving of the mortgage was denied by defendant.   Plaintiff's principal witness, the manager, testified repeatedly that the arrangement was that the title was to remain in plaintiff until the goods were paid for.   On the other hand, he qualified this statement by the explanation:

"I can't tell you whether those goods belong to us or not, according to law. Mr. Greenberg has the goods."

In other words, he indicated very plainly that, so far as his opinion was concerned, he thought that the giving of the chattel mortgage by the defendant left the title in the plaintiff.   He admitted, however, that a bill had been sent to the defendant containing the inscription:   "Title remains in us until goods are paid for."   Plaintiff himself, in rebuttal, claimed that this "was a temporary bill sent out before the goods were delivered."

The learned judge below left clearly to the jury the question whether there had been an absolute or conditional sale.   He declined to

charge that, if the jury should find that a chattel mortgage was to be given, then it was a sale, and that title passed to the defendant, qualifying that charge by the statement that that was only true "if nothing was said about title to the property." As the jury found for the plaintiff, it must be assumed that they determined that defendant had agreed to give a chattel mortgage without qualification as to the title, and that the sending of the bill with the inscription above referred to was a mere negligible incident and oversight. The verdict has not been set aside as contrary to the evidence. The order itself is rather vague. It says that:

"There was a lack of proof sustaining the allegation in the complaint as to the sale of goods, wares, and merchandise therein mentioned, * * * and the plaintiff has failed to establish by his proof the cause of action alleged in his complaint."

[1, 2] As the plaintiff gave ample evidence to sustain the allegations in the complaint, and the jury so found over the denial of the defendant, I find that the order was erroneously made. Had defendant executed the mortgage, which he had agreed to give, and given the notes, he would have been entitled to the terms of credit accordingly; or had the agreement been that he should have credit for 14 months on giving the notes alone, it may well be that the action could not be maintained until the installments fell due; but defendant violated, in addition to the provision as to the giving of the notes, his agreement to give a chattel mortgage, and on that default plaintiff was entitled to recover the value of the goods sold and delivered, of which the plaintiff gave sufficient prima facie evidence by showing the agreed price. See 35 Cyc. 528–530, and, in particular, Wineman v. Walters, 53 Mich. 470, 19 N. W. 150.

Order setting aside the verdict reversed, with costs, and verdict reinstated. All concur.